IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY FLOYD BRAESEKE,

    Petitioner,                  No. CIV-S-05-0279 GEB KJM P

    vs.

BOARD OF PRISON TERMS, et al.,

    Respondents.             ORDER

_____/

        Petitioner is a California prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently serving a sentence of seven-years-to-life imprisonment in the California Department of Corrections and Rehabilitation (CDCR) and challenges the fact that he was denied parole in 2003.

        On June 22, 2007, petitioner filed a motion seeking discovery. He asks that he be allowed to "request[] Respondent to provide for inspection [of] the record of the [parole] board hearings and decisions from 1967 to 1990 denying and granting parole to murderers, and the decisions since 1990 granting parole to murderers." Mot. at 3:16-18. Petitioner seeks this information in support of ground two in his amended petition. In ground two, petitioner claims that parole board policies that took effect after he committed the offenses for which he is in

/////

prison have resulted in petitioner's serving a longer term of imprisonment than he should have. Petitioner claims this violates the Constitution's prohibition against ex post facto laws.

Respondents assert that petitioner should not be granted leave to conduct discovery because petitioner has not exhausted state court remedies with respect to ground two. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

Petitioner filed an application for writ of habeas corpus in the California Supreme Court on February 23, 2004. Answer, Ex. 5. Petitioner raises two claims in his California Supreme Court application; neither concerns ex post facto adoption of a more restrictive parole policy. The only manner in which petitioner discusses any aspect of ground two in his California Supreme Court application is in the "statement of the case" section of his supplemental brief in support of that application. There he recounts grounds asserted during an administrative review of the decision to deny petitioner parole. Answer, Ex. 5 at 11.

Although petitioner does not concede a failure to exhaust, he does argue in his reply, in the alternative, that he should not have to exhaust state court remedies with respect to ground two because exhaustion would be futile. Petitioner claims exhaustion would be futile because the California Supreme Court has declined to reverse appellate court decisions rejecting claims similar to ground two. However, the United States Supreme Court has rejected the notion that a criminal defendant can bypass state court remedies because, on prior occasions, the state supreme court has rejected the same claim asserted by other petitioners before him. Engle v. Isaac, 456 U.S. 107, 130 (1982). This is because, upon reflection or upon being presented with the record in a particular case, a state supreme court may modify its position. Id.

/////

1 In light of the foregoing, the court will deny petitioner's motion for discovery
2 because he cannot at this time obtain relief as to ground two.  Once a court determines that a
3 petitioner has failed to exhaust state court remedies with respect to a claim, a habeas petitioner
4 may proceed with his other exhausted claims, or seek a stay under <u>Rhines v. Weber</u>, 544 U.S.
5 269 (2005), so that he may exhaust state court remedies with respect to all of his claims.  In his
6 reply brief concerning his motion for discovery, petitioner has indicated he does not wish to seek
7 a stay and wishes to proceed on the remainder of his claims if the court denies discovery.  Reply
8 at 4.  Respondents already have filed an answer to petitioner's amended habeas petition.
9 Petitioner will now be given thirty days within which to file his traverse.
10 Accordingly, IT IS HEREBY ORDERED that:
11 1. Petitioner's June 22, 2007 motion for discovery (docket no. 25) is denied; and
12 2. Petitioner is granted thirty days from the date of this order within which to file
13 his traverse.
14 DATED:  March 26, 2008.

_____
U.S. MAGISTRATE JUDGE

17 1
brae0279.dis